**[J-120-2019] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 771 CAP |
| | : | |
| Appellee | : | Appeal from the Order dated |
| | : | November 21, 2018 (docketed |
| | : | November 26, 2018) in the Court of |
| v. | : | Common Pleas, Bucks County, |
| | : | Criminal Division at No. CP-09-CR- |
| | : | 0006917-2005. |
| ROBERT ANTHONY FLOR, | : | |
| | : | SUBMITTED: December 19, 2019 |
| Appellant | : | |

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                    **DECIDED: September 22, 2021**

I join the majority opinion in full with the exception of Part III(F) regarding the reviewability of appellant's standalone *Atkins*[1] claim. Specifically, I find it imprudent to wade into the issue of whether our issue preservation rules should include a discrete exception for *Atkins* claims where the issue has not been fully briefed by the parties. *See* Majority Opinion at 17-18 ("The Commonwealth does not directly argue against [a]ppellant's assertion that his substantive *Atkins* claim is cognizable under the PCRA independently of his ineffective assistance of counsel claim."); *compare id.* at 22 ("a defendant may waive consideration of whether he or she is intellectually disabled explicitly, or by failing to present evidence at sentencing") *with* Dissenting Opinion at 30 (Wecht, J.) ("an *Atkins* claim is a challenge to the legality of the sentence"). I find it especially ill-advised to consider such an important issue without pointed advocacy from

---

[1] *Atkins v. Virginia*, 536 U.S. 304 (2002).

the parties in these circumstances because: (1) it is simply not necessary to resolve this case; and (2) there exists an apparent conflict in our precedent. *Compare Commonwealth v. Robinson*, 82 A.3d 998, 1020 (Pa. 2013) (observing in *dicta* there is "little doubt that actual *Atkins* claims implicate the legality of sentencing") *with Commonwealth v. Steele*, 961 A.2d 786, 808-09 (Pa. 2008) (concluding a PCRA petitioner's *Atkins* claim was waived when raised for the first time on appeal), *abrogated on other grounds by Pena-Rodriguez v. Colorado*, ___ U.S. ___, 137 S.Ct. 855 (2017). Accordingly, I respectfully distance myself from the majority's waiver discussion, but I join the remainder of the majority opinion — including its merits analysis of appellant's *Atkins* claim.

Chief Justice Baer joins this concurring opinion.